IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD HENDERSON, aka RONNIE HENDERSON, | ) CIV. NO. 09-00443 DAE/LEK ) |
| | ) ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) MOTION FOR ORDER OF |
| | ) RECUSAL OF JUDGE DAVID A. |
| vs. | ) EZRA |
| | ) |
| ALEXANDER & BALDWIN, INC., dba HAWAIIAN COMMERCIAL & SUGAR COMPANY, ILWU LOCAL NO. 142, ACCLAMATION INSURANCE MANAGEMENT (AIMS), | ) ) ) ) ) ) |
| Defendants. | ) |
| _____ | ) ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR
ORDER OF RECUSAL OF JUDGE DAVID A. EZRA**

On February 1, 2010, Plaintiff Ronald Henderson ("Plaintiff") filed a Motion for Order of Recusal of Judge David A. Ezra, the judge assigned to this action ("Motion to Recuse"). On February 4, 2010, Plaintiff's Motion was assigned to the undersigned. On February 12, 2010, Defendants filed an Opposition.[1] Based on the following, the court DENIES Plaintiff's Motion to

---

[1] Plaintiff was granted leave to file a Reply by February 22, 2010, but did not file any further papers in support of his Motion to Recuse.

Recuse.[2]

Plaintiff asserts that Judge Ezra is not "fair, is biased and is prejudicial in the previous cases involving Plaintiff before him." *See* Henderson Decl. Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, . . . [he] shall proceed no further . . . ." The relevant inquiry is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[3] *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citations and quotations omitted).

The alleged bias "must usually stem from an extrajudicial source."

---

[2] Pursuant to Local Rule 7.2(d), the court finds that it can determine Plaintiff's Motion to Recuse without a hearing.

[3] Plaintiff asserts that the Motion to Recuse "is based on the Principles of Ethical Conduct, Canons 1, 2, and 3." Motion to Recuse 1. To the extent he refers to the Code of Conduct for United States Judges, the Code of Conduct provides essentially the same language as 28 U.S.C. § 455, which provides, among other things, that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

*See also* Def.'s Ex. B (providing the Code of Conduct for United States Judges). Determining whether Plaintiff brings his Motion to Recuse pursuant to § 455 or § 144 does not change the court's analysis -- both recusal statutes apply the same substantive standard of "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

*Pesnell v. Arsenault*, 543 F.3d 1038, 1043-44 (9th Cir. 2008). The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (quoting *Liteky*, 510 U.S. at 555-56).

Plaintiff asserts that Judge Ezra should be recused from this action because in a previous action brought by Plaintiff, *Henderson v. Alexander & Baldwin, Inc.*, Civ. No. 07-00101 DAE/LEK, Judge Ezra determined the defendant's Motion for Summary Judgment in favor of the defendant without

holding a hearing.  Henderson Decl. 1.  This assertion is facially insufficient to show bias -- Judge Ezra's decision not to hold a hearing relates to courtroom administration and shows no "deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555; *see also Pesnell*, 543 F.3d at 1044 (affirming denial of motion to recuse where the plaintiff failed to argue for disqualification based upon any bias developed outside a judicial proceeding).

Further, no reasonable person with knowledge of the facts of Plaintiff's previous action before Judge Ezra would conclude that his impartiality might reasonably be questioned in this action.  Contrary to Plaintiff's assertion, a party does not have "a right to oral argument at the time of any hearing."  *See* Henderson Decl. 2.  Rather, a district court has discretion in disposing of pre-trial motions, including determining whether to hold a hearing.  *See Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001) ("A district court judge has the discretion, when considering a motion for summary judgment, to determine whether or not to hold an oral hearing."); *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ( "The district court is given broad discretion in supervising the pretrial phase of litigation . . . ." (quotation omitted)); Fed. R. Civ. P. 78(b)  ("By rule or order, the court may provide for submitting and determining motions on

briefs, without oral hearings."). Judge Ezra exercised this discretion in the previous action by determining the defendant's Motion for Summary Judgment in favor of the defendant without holding a hearing. On appeal, the Ninth Circuit affirmed the summary judgment determination. *See Henderson*, Civ. No. 07-00101 DAE/LEK, Doc. No. 134.

In sum, Plaintiff's assertions that Judge Ezra should be recused are frivolous. The court therefore DENIES Plaintiff's Motion to Recuse.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 23, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Henderson v. Alexander & Baldwin, Inc.*, Civ. No. 09-00443 DAE/LEK, Order Denying Plaintiff's Motion for Order of Recusal of Judge David A. Ezra