IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| RONALD HENDERSON, a.k.a. | ) | CV. NO. 09-00443 DAE-LEK |
| RONNIE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEXANDER & BALDWIN, INC., | ) | |
| dba HAWAIIAN COMMERCIAL & | ) | |
| SUGAR COMPANY; ILWU | ) | |
| LOCAL NO. 142; ACCLAMATION | ) | |
| INSURANCE MANAGEMENT | ) | |
| (AIMS) (2009-053), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND
(2) DISMISSING ACTION AGAINST ALL DEFENDANTS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendant's motion and the

supporting and opposing memoranda, the Court GRANTS Defendant's Motion to

Dismiss.  (Doc. # 13.)

BACKGROUND

On October 26, 2009, pro se Plaintiff Ronald Henderson filed his

Amended Complaint, alleging employment discrimination in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  (Doc. # 6.)  Plaintiff

cites acts of "fraud, deception, and trickery" as the basis for his claim.  (Id. at 2.)

Plaintiff alleges that while working as a welder at Hawaiian

Commercial & Sugar Company ("HC&S"), his employer HC&S, the employee

union Longshore and Warehouse Union, Local 142 ("ILWU") and an insurance

carrier tried to "deny, reduce, and terminate [his] benefits by giving false reports,"

and falsely documented his "total knee replacement" as a "sprained knee."  (Id. at

3.)  Plaintiff also claims that he was not given notification of his rights when he

was terminated from the position.  (Id.)

This is the second claim that Plaintiff has brought against HC&S and

ILWU in this Court.  On February 28, 2007, Plaintiff filed a Title VII claim

alleging a hostile work environment and race discrimination.  (CV. No. 07-00101

DAE-LEK.)  On December 20, 2007, this Court found that Plaintiff had not

established a prima facie case for his Title VII claim and could not prove that

HC&S's actions were pretextual, and granted summary judgment to HC&S.  (CV.

No. 07-00101 DAE-LEK Doc. # 91.)  The Ninth Circuit affirmed this Court's

ruling on January 11, 2010.  (CV. No. 07-00101 Doc. # 134.)

On December 30, 2009, Defendant ILWU filed a Motion to Dismiss

Amended Complaint in the instant action.  (Doc. # 13.)  ILWU asserts six grounds

upon which the Amended Complaint must be dismissed, arguing:  (1) service was not perfected upon ILWU; (2) the Complaint was untimely; (3) Plaintiff did not exhaust his administrative remedies; (4) dismissal of Plaintiff's prior Title VII claim precludes jurisdiction over this new complaint; (5) Plaintiff asserts no viable Title VII claim against ILWU; and (6) ILWU has no duty owed to Plaintiff relating to his workers' compensation claims.

On March 9, 2010, Plaintiff filed an Opposition.  (Doc. # 45.)

<u>DISCUSSION</u>

ILWU asks this Court to dismiss Plaintiff's Amended Complaint upon any one of six alleged deficiencies in Plaintiff's complaint.  For the reasons set forth below, the Court concludes that Plaintiff has not adequately exhausted his administrative remedies, and this Court does not have jurisdiction over his claim. Because this deficiency alone requires dismissal, the Court need not reach the merits of ILWU's remaining arguments.

For this Court to have subject matter jurisdiction over an employment discrimination claim brought under Title VII, Plaintiff must have first exhausted his administrative remedies by timely filing a charge with the Federal Equal Employment Opportunity Commission ("EEOC") and obtaining a right-to-sue letter.  <u>See</u> 42 U.S.C. § 2000e-5(e); <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir.

1995) ("To litigate a Title VII claim in federal district court, plaintiff must have exhausted her administrative remedies.").

"Although ordinarily the administrative charge must be filed within 180 days of the alleged unlawful employment practice, the deadline is extended to 300 days if the charge is initially filed with a state agency that enforces its own anti-discrimination laws." EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 585 (9th Cir. 2000); see 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Guerrero v. Hawaii, 662 F. Supp. 2d 1242 (D. Haw. 2009). "In Hawaii, the [Hawaii Civil Rights Commission] is authorized to grant and seek relief for discriminatory practices." Hale v. Haw. Publ., Inc., 468 F. Supp. 2d 1210, 1219 (D. Haw. 2006). "The filing of a charge . . . determines when the Act's time limits and procedural mechanisms commence." Fed. Exp. Corp. v. Holowecki, 552 U.S. 389, 391 (2008). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." Morgan, 536 U.S. at 113.

Once a party receives a right-to-sue letter, that plaintiff must commence the civil action within 90 days of receipt of the letter. See 42 U.S.C. § 2000e-5(f)(1) (stating that once a charge with the EEOC has been dismissed and

notice given to the party, an aggrieved party may bring a civil action against the respondent named in the charge within 90 days).

At the outset, the Court notes that although Plaintiff claims to have filed an administrative charge and to have received a right-to-sue letter, there is no copy of said letter in the record before the Court.  The Court may dismiss on this ground alone, as Plaintiff bears the burden of demonstrating that he has exhausted his administrative remedies.  Even assuming <u>arguendo</u> that he did receive such a letter, however, Plaintiff's action is time barred.  The Court finds that Plaintiff did not timely file the necessary administrative charge within the required 300 days of the alleged incident.

In his Amended Complaint, Plaintiff alleges:  (1) that the incident occurred on November 20, 2006; and (2) that he filed a charge with the EEOC on June 12, 2009.  (Am. Compl. at 4.)  Assuming as true the dates provided by Plaintiff in his own complaint, the alleged administrative charge was clearly not brought within the required 300 days of the incident.  On its face, the length of time between the alleged incident and administrative filing was more than 900 days.

Plaintiff's Opposition does not offer meaningful support for Plaintiff's Amended Complaint.  In fact, Plaintiff appears to abandon this action.   Plaintiff

states that "while this Court under Title VII may not proceed, there are other remedies for additional filings under another Title that Plaintiff will research." (Opp'n at 2.)  It is not clear to what other "remedies" Plaintiff refers, and the Court will not comment on these speculative claims at this time.

The deficiency cannot be cured by amendment, and therefore granting Plaintiff leave to amend his complaint again would be futile.  Plaintiff's action is therefore DISMISSED WITH PREJUDICE against all Defendants.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss.  Plaintiff's action is DISMISSED WITH PREJUDICE as to all defendants.

The Clerk of the Court is hereby directed to enter judgment in accordance with this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 15, 2010.



_____
David Alan Ezra
United States District Judge

Henderson v. Alexander & Baldwin, Inc. et al., CV No. 08-00236 DAE-LEK;  ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS; AND (2) DISMISSING ACTION AGAINST ALL DEFENDANTS